# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Cristina Aramayo** | ) | |
| **3508 Belmont Avenue** | ) | |
| **Reisterstown, MD 21136** | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No._____ |
| **The Johns Hopkins Home Care Group, Inc.** | ) | Jury Trial: Yes |
| **1800 Orleans Street M2125** | ) | |
| **Baltimore, MD 21287** | ) | |
| *Defendant* | ) | |

## COMPLAINT

I, Ms. Cristina Aramayo, hereby bring this pleading before the honorable United States District Court for the District of Maryland on the basis of Title VII of the Civil Rights Act of 1964.

1. Plaintiff, Cristina Aramayo (herein referred to as "Ms. Aramayo"), of Maryland, is a permanent resident of the United States.

2. Defendant, Johns Hopkins Home Care Group, Inc. (herein referred to as "JHHCG"), is located at in Maryland.

3. On August 14, 2020, the Equal Employment Opportunity Commission, Baltimore Field Office, at the G.H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, MD 21201 issued to Ms. Aramayo. *Exhibit A, Right to Sue.*

4. Ms. Aramayo was discriminated against on the basis of national origin and color of her skin by her coworkers and supervisors, and by extension JHHCG.

5. JHHCG created and maintained a hostile work environment.

6. JHHCG targeted Ms. Aramayo for constructive termination after she brought her complaint about it to the Equal Employment Opportunity Commission.

7. Ms. Aramayo did everything in her power to address the problems through the systems put in place to address discrimination complaints by JHHCG, but those systems, and the people working within them, were dismissive and unresponsive to her claims, and at points even hostile.

8. The JHHCG policies in place to help employees resolve disputes and to help supervisors--to fairly and consistently oversee their employees--were used in a discriminatory way against Ms. Aramayo by JHHCG.

9. Ms. Aramayo was discriminated against by JHHCG via her rate of pay compared to other similarly situated employees.

10. JHHCG consistently undermined Ms. Aramayo's expertise as a bilingual pharmacy technician in a variety of ways, for the purpose of paying her less, and for the purpose of continuing the hostile work environment that made it impossible for her to assert her right to be treated fairly.

11. JHHCG prevented Ms. Aramayo from speaking Spanish to customers in order to help them.

12. JHHCG allowed the posting of a derogatory sign with Ms. Aramayo's name on it, referring to her. up in public view at her work location from approximately one month.

13. JHHCG refused to interact with Ms. Aramayo in ways that would have reasonably resolved the conflicts that she was complaining about.

14. JHHCG is aware, and has been aware, of a pattern of discrimination that exists and continues to exist within their work environment. namely because many other employees have witnessed and experienced this, and many also warned Ms. Aramayo that she was being discriminated against.

JHCG created and maintained a hostile work environment.

6. JHHCG targeted Ms. Aramayo for constructive termination after she brought her complaint about it to the Equal Employment Opportunity Commission.

7. Ms. Aramayo did everything in her power to address the problems through the systems put in place to address discrimination complaints by JHHCG, but those systems, and the people working within them, were dismissive and unresponsive to her claims, and at points even hostile.

8. The JHHCG policies in place to help employees resolve disputes and to help supervisors--to fairly and consistently oversee their employees--were used in a discriminatory way against Ms. Aramayo by JHHCG.

9. Ms. Aramayo was discriminated against by JHHCG via her rate of pay compared to other similarly situated employees.

10. JHHCG consistently undermined Ms. Aramayo's expertise as a bilingual pharmacy technician in a variety of ways, for the purpose of paying her less, and for the purpose of continuing the hostile work environment that made it impossible for her to assert her right to be treated fairly.

11. JHHCG prevented Ms. Aramayo from speaking Spanish to customers in order to help them.

12. JHHCG allowed the posting of a derogatory sign with Ms. Aramayo's name on it, referring to her, up in public view at her work location from approximately one month.

13. JHHCG refused to interact with Ms. Aramayo in ways that would have reasonably resolved the conflicts that she was complaining about.

14. JHHCG is aware, and has been aware, of a pattern of discrimination that exists and continues to exist within their work environment, namely because many other employees have witnessed and experienced this, and many also warned Ms. Aramayo that she was being discriminated against.

15. Ms. Aramayo claims damages both related to pay disparity and emotional damages, and losses related to looking for work and her professional reputation among her colleagues and future employers.

16. Ms. Aramayo claims damages of at least $150,000.

11/11/2020
Date

Cristina Aramayo