IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CRISTINA ARAMAYO,

    *Plaintiff,*

    v.

THE JOHNS HOPKINS HOME
CARE GROUP, INC.,

    *Defendant.*

Civil Action No. ELH-20-3275

## MEMORANDUM

The self-represented plaintiff, Cristina Aramayo, filed suit on November 12, 2020, against defendant The Johns Hopkins Home Care Group, Inc. ("Home Care"), alleging employment discrimination on the basis of color and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  ECF 1 (the "Complaint").  Home Care has answered the suit.  ECF 10.

Pending before the Court are Aramayo's "Motion for Leave of Court to Amend the Complaint" (ECF 14), Home Care's "Motion to Strike" (ECF 18), and Aramayo's "Motion for Amended Damages Under Rule 9(b) & 9(g)" (ECF 19).

## I.       Factual and Procedural Background

Aramayo alleges that she "was discriminated against on the basis of national origin and color of her skin by her coworkers and supervisors, and by extension" Home Care, where she was employed.  ECF 1, ¶ 4.  In particular, she asserts claims, *inter alia*, of hostile work environment; termination in retaliation to filing an EEOC complaint; pay discrimination; and more.  *Id*. ¶¶ 5-14.  She claims damages of "at least $150,000."  *Id*. ¶ 15, 16.  Plaintiff attached to

the Complaint as an exhibit a "Dismissal and Notice of Rights" form from the Equal

Employment Opportunity Commission, dated August 14, 2020.  ECF 1-2.

The Court issued a Scheduling Order on April 16, 2021.  ECF 12.  Among other things, it

sets a discovery deadline of September 13, 2021, and a summary judgment deadline of October

12, 2021.  *Id*.  On July 22, 2021, Aramayo requested a 60-day discovery extension, citing a

"serious family emergency."  ECF 21.  I granted the extension.  ECF 23.[1]  Therefore, the

discovery deadline is currently set for November 12, 2021, and the summary judgment deadline

was extended to December 13, 2021.  *Id*.

On May 24, 2021, Aramayo filed a "Motion a Leave of Court to Amend the Complaint."

ECF 14.  The motion did not include a proposed amended complaint, however.  It states, in

relevant part, as follows (ECF 14, ¶ 4):

> This motion respectfully asks for leave of court to bring the amended
> complaint after the 21 day limit set out in Rule 15(a)(1)(B) has passed, as
> justice so requires. I believe the changes are, as Ms. Matthews instructed,
> related to Rule 9(b) which states "Fraud or Mistake; Conditions of Mind" –
> that I must "state with particularity the circumstances constituting fraud of
> mistake. Malice, intent, knowledge and other conditions of a person's mind
> may be alleged generally."

Elsewhere, the motion identified "Ms. Matthews" as "the law student who has been helping me."

*Id*. at 1.

Home Care opposes Aramayo's motion.  ECF 15.  Home Care cited Aramayo's failure to

comply with Local Rule 103.6 by not including a proposed amended complaint; failure to

identify the proposed amendments; and failure to seek consent from Home Care's counsel.  *Id*. at

1-2.  Home Care argues that these failures meant it could not oppose the amendment on futility

grounds, and that permitting the amendment would delay discovery and resolution.  *Id*.

---

[1] I granted Home Care until August 18, 2021, to move to rescind the Order as
improvidently granted, but Home Care did not do so.  *See* ECF 23; Docket.

Based on Aramayo's reference to "Ms. Matthews," Home Care also "raise[d] with the Court a concern that Ms. Aramayo is receiving legal advice from an individual who is neither admitted to practice in this Court, nor a licensed attorney." *Id*. at 3.  Home Care noted that Local Rule 101.1(a)(ii) requires self-represented parties to disclose, "[u]pon inquiry," "the identity of any individual who has prepared, or assisted in preparing, any documents filed in this Court." Therefore, Home Care has requested that "the Court inquire as to the scope of assistance provided to Plaintiff" by "Ms. Matthews," and that if Ms. Matthews assisted Aramayo, that "the Court admonish Ms. Matthews, and Ms. Aramayo, against Ms. Matthews engaging in a violation of Local Rule 102, and what perhaps may be the unauthorized practice of law." *Id*.

On July 13, 2021, Aramayo filed a document containing an "Affidavit of Cristina Aramayo" (ECF 17), two supporting exhibits (ECF 17-1, 17-2), and an "Affidavit of Emma Matthews" (ECF 17-3) (collectively, the "Affidavits").   In substance if not in form, the Affidavits appear to be an attempt by Aramayo to respond to the issues raised in Home Care's opposition.

The Affidavit of plaintiff explains that Aramayo was submitting the document to "state with particularity the circumstances, including times, dates, places, and names, and generally, malice, intent and knowledge that leads [her] to believe [she] need[s] to amend the original complaint, in compliance" with Fed. R. Civ. P. 9(b) and 9(f).  ECF 17 at 1.  The remainder of the document consists of additional details by Aramayo as to her experience at Home Care and the basis for her employment discrimination claim.  ECF 17 at 1-10.

The Affidavit of Emma Matthews, also included in the filing, appears to be an attempt by Ms. Matthews to "explain [her] involvement with Ms. Aramayo and her case."  ECF 17-3 at 1. In the document, Matthews describes herself as Aramayo's longtime "best friend."  *Id*. at 8.  She

avers that she has been a part-time graduate and law student who has worked as an administrative assistant and law firm paralegal. *Id*. at 1-3. According to the document, after Aramayo revealed an incident at work that Matthews describes as an "adverse employment action," Matthews helped Aramayo in writing up a timeline of the incident and with the internal EEO process. *Id*. at 5-6. Matthews asserts she has since been helping Aramayo by listening to her; coming up with "reasonable ways to respond;" unsuccessfully attempting to secure a lawyer for plaintiff (including at the law firm and legal clinic where she worked); proofreading and offering feedback on emails; performing certain research; and "outlin[ing] her complaint." *Id*. at 6-8. However, Matthews represents that her assistance has been in her capacity as plaintiff's "friend," and that she "never misrepresented herself as a lawyer" to Aramayo. *Id*. at 6.

On July 20, 2021, Home Care filed its "Motion to Strike" the Affidavits. ECF 18. Home Care contends the Affidavits are pleadings unauthorized by Fed. R. Civ. P. 7, that they are not motions, and that they do not "request any relief from this Court or otherwise relate to the matters at issue in this case." *Id*. at 2. Home Care urges this Court to strike the Affidavits under Fed. R. Civ. P. 12(f), given that they contain "redundant and immaterial allegations that have no bearing on [plaintiff's] improper Motion to Amend the Complaint or her claims brought under Title VII." *Id*. at 2-3. Further, Home Care argues that insofar as the Affidavits are a response to its opposition to Aramayo's motion, they are untimely, fail to cure the motion's original defect by providing a copy of the proposed amended complaint, and "provide no grounds for permitting Plaintiff to amend her Complaint." *Id*. at 3-4.

Aramayo filed a "Motion for Amended Damages Under Rule 9(b) & 9(g)" on July 21, 2021. ECF 19. In the motion, Aramayo states that she brings "this pleading . . . to seek motion for Amended Damages as provided under Rule 9(b) and Rule 9(g)." *Id*. She goes on to list

various types of damages, totaling $1,001,000, and requests injunctive relief to which she believes she is entitled. *Id*. Home Care opposes this motion as well. ECF 22. Home Care notes that Aramayo again failed to comply with Local Rule 103.6 by not including a proposed amended complaint, not identifying the proposed amendments, and not seeking consent from Home Care's counsel. *Id*. at 1-3. Further, Home Care argues that Aramayo has not alleged fraud or mistake, despite citing Rule 9(b); that she has not adequately alleged special damages, despite citing Rule 9(g); and that her request for $1,001,000 in damages exceeds Title VII's damages cap. *Id*. at 3-5.

## II.    Motions to Amend

Aramayo has twice moved to amend her complaint, without being explicit about the content of her proposed amended complaint (ECF 14; ECF 22). The Affidavits (ECF 17) appear at least in part to constitute an attempt by Aramayo to describe how she would amend the Complaint.

Under Fed. R. Civ. P. 15(a)(2), "[a] court should freely give leave to amend when justice so requires." "Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment.'" *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"A proposed amendment is futile when it is 'clearly insufficient or frivolous on its face.'" *Save Our Sound OBX, Inc. v. N.C. Dep't of Trans.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson v. Oroweat Foods Co.*, 503, 510 (4th Cir. 1986)). A proposed amendment is also futile

if the complaint, as amended, fails to state a claim upon which relief could be granted. *Save Our Sound OBX*, 914 F.3d at 228. Thus, a court may disallow amendment where "the new claim would not have survived a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019); *see Martin v. Duffy*, 858 F.3d 239, 247-48 (4th Cir. 2017) (affirming denial of leave to amend on futility grounds where the plaintiff's "pleading deficiency cannot be cured by amendment of his complaint"), *cert. denied*, ___ U.S. ___ 138 S. Ct. 738 (2018); *U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) (stating that a court need not grant leave to amend where the amendment would have "no impact on the outcome of the motion to dismiss").

As noted, Local Rule 103.6 also establishes certain procedural requirements as to motions to amend. A motion must include "the proposed amended pleading," indicating the proposed changes. Local Rule 103.6(a), (c). The party must also include a copy of the amended pleading, indicating the proposed changes. *Id*. 103.6(c). This is sometimes referred to as a "redlined" copy. And, before filing such a motion, *counsel* for the party shall "attempt to obtain the consent of other counsel," and state in the motion whether or not it was obtained. *Id*. 103.6(d).

Plaintiff is not a lawyer. Therefore, Rule 103.6(d) is not applicable to her, contrary to defendant's suggestion. Moreover, the Court is mindful that "pro se litigants deserve a degree of leniency in navigating a complicated legal system for which they possess no professional expertise." *McCaskey v. Henry*, No. 3:10–cv–390–GCM, 2012 WL 2451862, at *2 (W.D.N.C. June 27, 2012).

That said, Aramayo's attempts to amend the Complaint miss the mark. They are difficult to evaluate without a more explicit understanding of the actual text of a proposed amended complaint. For example, plaintiff's first motion indicates she wishes to add material relating to

- 6 -

Fed. R. Civ. P. 9(b), but she does not include any actual text.  ECF 14, ¶ 4.  In any event, Rule 9(b) relates to fraud, which seems unrelated to this garden variety employment discrimination case.

However, in her Affidavit, plaintiff suggests that she wishes to add considerably more detail as to the factual allegations for her suit.  ECF 17 at 1.  Home Care's Motion to Strike describes these details as unrelated to Aramayo's claims.  ECF 18 at 2-4.  But, many of these allegations would add appropriate detail to Aramayo's claims.

To illustrate, Aramayo alleges a claims of "hostile work environment" (ECF 1, ¶ 5), retaliation (*id*. ¶ 6), an unresponsive and hostile internal EEO process (*id*. ¶¶ 7, 8), pay discrimination (*id*. ¶ 9), discrimination involving language use (*id*. ¶ 11), and a "derogatory sign" (*id*. ¶ 12).  Aramayo's Affidavit is replete with allegations as to pervasive hostility against her at her workplace and retaliation against her for filing an EEO claim (ECF 17 at 1-10), as well as unequal pay (*id*. at 5), issues as to use of language (*id*. at 2), and the "derogatory sign" in question (*id*. at 10; ECF 17-1).  It is difficult to understand how this material "fail[s] to . . . relate to the matters at issue in this case," as Home Care asserts.  ECF 18 at 2.

In contrast, Home Care is likely correct that some of the proposed amendments would be futile.  For example, Aramayo seems focused on a need to plead particular circumstances under Fed. R. Civ. P. 9(b), citing "the allegations of fraud, intent, and reckless and wanton behavior."  ECF 19 at 1; *see* ECF 14; ECF 17; ECF 19.  Rule 9(b) applies when a party is "alleging fraud or mistake."  *See, e.g.*, *Xia Bi v. McAuliffe*, 927 F.3d 177, 182 (4th Cir. 2019); *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013).  Here, Aramayo alleges employment discrimination in violation of Title VII, an altogether different claim.  *See* ECF 1.

Without an explicit understanding of what Aramayo wishes to include in an amended complaint alleging fraud, I cannot determine if amendment would be "futile." And, futility is one of the grounds for denying an attempt to amend. *See, e.g.*, *Save Our Sound OBX*, 914 F.3d at 228; *Booth*, 337 F. App'x 301 at 312.

Home Care also observes that Aramayo's claim for $1,001,000 in compensatory and punitive damages appears to exceed the statutory cap of $300,000 contained in 42 U.S.C. § 1981a(b)(3). But, there is at least some authority indicating that because 42 U.S.C. § 1981a(c)(2) prohibits informing a jury of the damages cap, courts may not prevent plaintiffs from making damages claims in excess of the cap. *See, e.g.*, *Hall v. Stormont Trice Corp.*, 976 F. Supp. 383, 386 (E.D. Va. 1997); *Krahel v. Owens-Brockway Glass Container, Inc.*, 971 F. Supp. 440, 455 n.14 (D. Or. 1997).

Given the liberal approach to amended pleadings under the Federal Rules, and the leniency that is generally accorded a pro se litigant, I shall allow Aramayo an opportunity to amend her Complaint. In particular, I shall grant Aramayo leave to file an amended complaint, to include additional factual allegations in support of her claims and as to damages. Plaintiff must also submit a version that reflects all of her changes—what she has added and what she has stricken.

However, this ruling does not include leave to file a fraud claim. If plaintiff seeks to add a fraud claim, she must first file a motion for leave to amend, addressing the grounds in support of such a claim, along with the text of the proposed claim. And, Aramayo must understand that the filing of an amended suit will entitle Home Care to move to dismiss the claims.

I am cognizant that, as Home Care notes (ECF 15 at 2), discovery in this case is already occurring and an amended complaint could delay its completion. However, I note that I have

extended the discovery deadline to mid November of 2021 (ECF 23).  If the Complaint is amended and this makes it reasonable to further extend the deadlines for discovery and summary judgment, I will consider a motion for extension.

### III.     Motion to Strike

Fed. R. Civ. P. 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are "generally viewed with disfavor."  *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Given the harsh consequences of a motion to strike, courts ordinarily require some showing that the moving party will suffer prejudice if the offensive portion of the pleading is not stricken. *See Haley Paint Co. v. E.I. Du Pont De Nemours & Co*., 279 F.R.D. 331, 337 (D. Md. 2011) (denying motion to strike affirmative defenses because "Plaintiffs have articulated no prejudice that would result from a denial of their motion"); *see also Miller v. LiveNation Worldwide, Inc*., TDC-14-2697, 2015 WL 235553, at *3 (D. Md. July 15, 2015).  "[T]here appears to be general judicial agreement . . . that [motions to strike on these grounds] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.  Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party."  5C Wright & Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2020) (collecting cases).

"Although some cases have held that Rule 12(f) may be used to strike documents other than pleadings, the weight of recent authority is that such an action is not contemplated or permitted by the Rules."  *Anusie-Howard v. Todd*, 920 F. Supp. 2d 623, 627 (D. Md. 2013) (collecting cases).  However, a court has "inherent authority to strike other documents," but such

powers must be exercised with "'restraint and discretion.'"  *Id*. at 627-28 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

The Affidavits are not styled as a motion, seek no relief from the Court, and are not among the pleadings permitted by Fed. R. Civ. P. 7(a).  However, it seems clear from the content of the Affidavits that they are at least an attempt by plaintiff to respond to the issues raised by Home Care in its opposition (ECF 15) to Aramayo's first motion to amend (ECF 14), namely, the lack of information in Aramayo's motion and the involvement of Matthews.  As a pro se litigant, Aramayo may not have understood the distinctions between motions, pleadings, replies, and affidavits.

In any event, the Federal Rules favor substance over form and technicality.  *See* Fed. R. Civ. P. 1; *Caldwell v. U.S. Dep't of Educ.*, 816 F. App'x 841, 842 (4th Cir. 2020) ("[I]t is the substance of [pro se] pleadings, rather than their labels, that is determinative."); *Parker v. Allentown, Inc.*, 891 F. Supp. 2d 773, 779 (D. Md. 2012) (stating that "the Court will not exalt form over substance").  Therefore, I will construe the Affidavits as a reply to Home Care's opposition (ECF 15).  It follows that I will deny the Motion to Strike.

### IV.    Matthews' Involvement

At this juncture, based on the information available to the Court, it does not appear that Local Rule 102.1(a)(ii) has been violated.  Although the rule imposes various requirements on "[a]ttorneys who have prepared any documents which are submitted for filing by a self-represented litigant," Matthews is not an attorney.  And, while the rule requires disclosure of *all* individuals who have assisted a self-represented party "[u]pon inquiry," no inquiry had been made.

Compliance with the rules of this Court, as well as with restrictions on the unauthorized practice of law, is essential.  Therefore, I caution all persons with an interest in this case as to the importance of adhering to the relevant provisions of the Local Rules, the Maryland Rules of Professional Conduct, and Maryland law.  *See* Md. Code (2018 Repl. Vol.), § 10-206 of the Business Occupations and Professions Article ("Bus. Occ. & Prof.") (Bar admission required to practice law); Bus. Occ. & Prof. § 10-601 (same); Bus. Occ. & Prof. § 10-101(h) (defining practice of law); Maryland Rules of Professional Conduct 19-305.5 (unauthorized practice of law); Local Rule 102.1(a)(ii).

## V.      Conclusion

In view of the foregoing, I shall grant, in part, Aramayo's "Motion for Leave of Court to Amend the Complaint" (ECF 14) and "Motion for Amended Damages Under Rule 9(b) & 9(g)" (ECF 19).  I shall deny Home Care's "Motion to Strike" (ECF 18).

By September 24, 2021, Aramayo may submit an amended complaint, adding further factual allegations and as to damages.  If Aramayo seeks to add a fraud claim, however, she must first obtain leave of Court by filing a motion to amend to add such a claim, due by September 21, 2021, explaining her grounds for the proposed amendment.  And, she should include with her motion the actual text of the proposed amended complaint.

An Order follows, consistent with this Memorandum.


Date: August 31, 2021                               _____/s/_____
                                                    Ellen L. Hollander
                                                    United States District Judge